UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

AARON CANTLEY,

          Petitioner,          Case No. 1:23-cv-375

v.                                         Honorable Ray Kent

JEFF TANNER,

          Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Aaron Cantley is incarcerated with the Michigan Department of Corrections at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. He is serving a life sentence imposed by the Ingham County Circuit Court on March 2, 2004, following his conviction for murder.

The petition attacks Petitioner's conviction; but it also attacks his present or recent conditions of confinement at ARF. For example, Petitioner mentions that he is in a "mental health program" and seeks a transfer to another facility. (ECF No. 1, PageID.2.) He also suggests that he has been denied access to the law library, and that he has been "sprayed with chemical agents 3 time for ridiculous reasons." (*Id.*, PageID.5.)

Claims regarding conditions of confinement are properly brought under 42 U.S.C. § 1983 and are not cognizable on habeas review. *See Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Petitioner, however, ultimately seeks

release, which is the proper subject of a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Petitioner may not assert both types of claims in one action. Courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"); *Phelps v. Sabol*, C.A. No. 09-cv-40091-MLW, 2010 WL 2640167, at *1 (D. Mass. June 26, 2010) ("The substantive and procedural differences between habeas and *Bivens* claims makes it difficult to convert a habeas petition into a *Bivens* action."); *Hooper v. Caruso, No*. 1:08-CV-1085, 2009 WL 104026, at *2 (W.D. Mich. Jan. 14, 2009) (explaining why a declaratory judgment action should not be converted into a habeas petition).

Here, because Petitioner ultimately seeks release, the Court has construed his action to be a habeas corpus petition to protect Petitioner's rights to the furthest extent possible. If Petitioner seeks to challenge his current conditions of confinement, and if he seeks relief other than release, he may do so by filing a civil rights action pursuant to § 1983 in the proper venue.

This is not Petitioner's first habeas corpus action challenging his conviction and sentence. On July 23, 2010, Petitioner filed a habeas corpus petition in this Court. *See* Pet., *Cantley v. Bauman*, No. 2:10-cv-154 (W.D. Mich.) (*Cantley I*). On August 14, 2013, the Court denied the petition, concluding that it failed to raise a meritorious federal constitutional claim. Petitioner appealed the denial, but the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. *Cantley v. Prelesnik*, No. 13-2228 (6th Cir. Jan. 30, 2014). Petitioner also petitioned the United States Supreme Court for a writ of certiorari, but that petition was denied. *Cantley I*, Letter from Supreme Court (ECF No. 137).

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132–33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46

3

(1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's previous habeas action was dismissed on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated: May 4, 2023 /s/ Ray Kent
Ray Kent
United States Magistrate Judge